■ McKee Electric Company, Inc., Appellant, v. Rauland-Borg Corporation et al., Respondents.— In an action to recover damages for (1) breach of an alleged agreement between plaintiff and defendant Rauland-Borg Corporation; (2) inducing said breach of agreement; (3) conspiracy to deprive plaintiff of its customers and good will; and (4) conspiracy to create a monopoly, plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 12, 1966, which granted said defendant's motion to dismiss the complaint as to it on the ground that the court lacks jurisdiction of its person (CPLR 3211, subd. [a], par. 8). Order affirmed, with $10 costs and disbursements to respondent Rauland-Borg Corporation. In our opinion, defendant Rauland-Borg Corporation did not have the minimum contacts in New York required for acquisition of jurisdiction over it in personam (*Kramer* v. *Vogl*, 17 N Y 2d 27); and plaintiff's allegations are insufficient to sustain the necessary jurisdictional finding that said defendant committed any tortious act within the State (*Jennings* v. *Burlington Inds.*, 19 A D 2d 877; *Magnaflux Corp.* v. *Foerster*, 223 F. Supp. 552). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ The People of the State of New York, Respondent, v. Ralph Spero, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered September 16, 1965, which, without a hearing, denied his application to vacate a judgment of the former County Court, Kings County, rendered June 12, 1961, convicting him of robbery in the first degree, grand larceny in the first degree, assault in the second degree and kidnapping, upon a jury verdict, and imposing sentence on the robbery count. The judgment was previously affirmed by this court (*People* v. *Spero*, 16 A D 2d 981) and leave to appeal to the Court of Appeals was denied on October 4, 1962 by Desmond, Ch. J., of that court. Order affirmed. Defendant seeks to vacate his conviction on the ground that certain evidence introduced at the trial was obtained as a result of an illegal search and seizure. *Mapp* v. *Ohio* (367 U. S. 643) was decided while the appeal from the judgment was pending. Defendant was precluded from invoking the doctrine of *Mapp* on appeal because he had failed to raise a constitutional objection to the introduction of the evidence in question at the trial. (*People* v. *Friola*, 11 N Y 2d 157.) He may not now resort to the remedy of *coram nobis* to apply *Mapp* retrospectively (*People* v. *Muller*, 11 N Y 2d 154; *Linkletter* v. *Walker*, 381 U. S. 618). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.